COLUMBIA MILLS, INC., Appellant, *v.* MACHENBACH IMPORTING Co., Respondent.

(Supreme Court, Appellate Term, First Department, November Term — Filed December, 1921.)

Sales — goods to be manufactured — loss in transit — when delivery to carrier passes title — allowance by seller of freight charges paid by buyer immaterial — Personal Property Law, § 100, rule 5.

In an action to recover the price of goods to be manufactured but lost in transit it appeared that plaintiff shipped the goods to defendant's place of business under a straight bill of lading. It further appeared that plaintiff, by the usual course of business between the parties, had authority, even if not expressly given at the time of the making of the contract, to deliver the goods to a carrier for transmission. *Held,* that defendant must be deemed to have impliedly consented to plaintiff's appropriation of the goods to the contract upon the delivery of the same to the carrier unless from other circumstances a contrary intent could be inferred.

A contention that such contrary intent was to be presumed by reason of the fact that though it was the custom of the parties that the defendant should in the first instance pay the

freight charges, it was permitted to offset such charges against the purchase price, was untenable.

The order for the goods was given upon the same terms as previous orders, the invariable course of dealing being that plaintiff shipped the goods without paying the freight and deducted the charges, which defendant paid, from the agreed purchase price of the goods. *Held,* that the carrier was the agent of the defendant and that delivery to it of the goods passed the property therein to it.

The rules laid down in section 100 of the Personal Property Law made no changes in the law where under the agreement of the parties the buyer was to pay transportation charges even though thereafter he could deduct such payment from the purchase price, and the contention that under rule 5 of said section the carrier is intended to be the agent of the seller and not of the buyer is supported neither by reason nor authority, and cannot be sustained.

The rule that title to goods which were not *in esse* at the time the contract was made, does not pass to the buyer until he has had an opportunity to inspect them, held not to apply.

The judgment entered in favor of defendant based upon a holding of the trial justice that the goods were never appropriated to the contract with the consent of defendant, and that the property in the goods and the risk of loss did not pass to it upon delivery to the carrier, reversed and a new trial ordered to the end that maybe evidence tending to show more clearly the actual agreement of the parties will be given.

Appeal by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of the defendant.

Otterbourg, Steindler & Houston (Charles Houston, of counsel), for appellant.

David Harrison, for respondent.

Lehman, J. The plaintiff has brought an action to recover the agreed price of certain goods which it claims it sold and delivered to the defendant. The defendant does not deny that it agreed to buy the goods, which were to be manufactured by the plaintiff,

but it is undisputed that it never received the goods. It appears, however, that the plaintiff shipped the goods to the defendant's place of business in Yonkers, N. Y., under a straight bill of lading, and apparently they were lost in transit. Both parties concede that the case presents only a single question of law, to wit, did the property pass to the defendant at the time when the plaintiff delivered the goods to the carrier?

The record does not clearly show whether any statement was made at the time the order was given in regard to whether the goods were to be delivered in Yonkers or whether they were to be shipped by carrier and the charges paid by the defendant. It appears, however, that the parties had been dealing together for some time, and the defendant had given the plaintiff a number of similar orders and it is undisputed that the present order was given upon the same terms as the previous orders. It is further undisputed that the plaintiff had shipped goods on the previous orders to the defendant by railroad without prepaying the freight; that the defendant had paid the freight itself on such goods, and that thereafter the plaintiff had deducted the charges paid by the defendant from the agreed price. Apparently this was the invariable course of dealing between the parties, except in one instance where plaintiff shipped goods by parcel post and had charged the defendant with the cost of carriage. Upon these facts the trial justice has decided that the goods were never appropriated to the contract with the consent of the defendant, and that the property in the goods and the risk of loss did not pass to it, upon delivery to the carrier.

The defendant seeks to sustain the judgment upon the ground that it never had an opportunity to inspect the goods, and that no title passed to it until such opportunity was given. The ordinary rule that title

to goods which were not *in esse* at the time the contract was made does not pass to the buyer until an opportunity has been offered to him to inspect them does not apply to the present case, if the plaintiff was authorized to make an appropriation of the goods to the contract before actual delivery to the buyer. "A buyer has a right to inspect the goods offered to satisfy himself that the seller has fulfilled the authority conferred upon him to appropriate goods to the bargain, but this right to inspection is not a condition precedent to the transfer of the property in cases where the seller has been authorized to make an appropriation. If the seller conforms to the authority given him, the property passes and the buyer's subsequent inspection merely enables him to satisfy himself that because the authority given the seller was properly exercised, the property passed." Williston Sales, § 278. The plaintiff in the present case had the right to appropriate the goods to the contract by delivery to the carrier if under the contract it was the intention of the parties that at that time the property in the goods was to pass to the buyer. Section 100 of the Personal Property Law provides: " Rules for ascertaining intention.— Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer. * * * Rule 4. * * * 2. Where, in pursuance of a contract to sell, the seller delivers the goods to the buyer, or to a carrier or other bailee (whether named by the buyer or not) for the purpose of transmission to or holding for the buyer, he is presumed to have unconditionally appropriated the goods to the contract, except in the cases provided for in the next rule and in section one hundred and one. This presumption is applicable, although by the terms of the con-

tract the buyer is to pay the price before receiving delivery of the goods, and the goods are marked with the words ' collect on delivery ' or their equivalents.'' In the present case the plaintiff was authorized by the usual course of business between the parties, even if such authority was not expressly given to it at the time of the making of the contract, to deliver the goods to a carrier for transmission to the defendant, and the defendant must be deemed to have impliedly consented to an appropriation of the goods at that time, unless from other circumstances a contrary intent can be inferred. The defendant contends, however, that such contrary intent should be presumed by reason of the fact that though it was the custom of the parties that the defendant should in the first instance pay the carriage charge, yet it was permitted to offset such charges against the purchase price. A similar contention, under analogous facts, was held to be without foundation in the case of *White* v. *Schweitzer,* 147 App. Div. 544. That case, however, arose under a contract which was made before the Personal Property Law was enacted, and the defendant on this appeal relies upon the express words of rule 5 of section 100 of that law, which provides: '' If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon.'' It seems to me, however, that neither on reason nor authority can the defendant's contention be sustained. The logical foundation of rule 5 is that where the contract provides for the delivery of the goods to the buyer or at a particular place without any charge to the buyer, it is fairly inferable that the parties intended that the property in the goods should not pass until such delivery was made, and that the

Appellate Term, First Department, December, 1921. [Vol. 117

carrier who transports the goods is intended to be the agent of the seller and not the agent of the buyer. Where, however, the buyer is under the contract called upon only to deliver the goods to the carrier and the seller is required before he can receive delivery to pay the carrier's charges, the mere fact that such charges are included in the purchase price and that the buyer is entitled to set them off against payment of the contract price cannot prevent the property passing to the buyer, when the goods are delivered to the carrier. Since the seller has done all that he can be required to do under the contract and has delivered the goods to the carrier with the consent of the buyer and upon the understanding that the buyer will thereafter meet the charges of the carrier, it seems evident that the carrier is the agent of the buyer and that delivery to the carrier passes the property in the goods to him. In the case of *Smith Co., Limited,* v. *Moscahlades,* 193 App. Div. 126, the court held that the rules laid down in the Personal Property Law did not change the legal effect of a " c. i. f." contract and by parity of reasoning it would appear that the same rules have made no changes in the law where under the agreement of the parties the buyer was to pay the transportation charges, even though thereafter he could deduct such payments from the purchase price. It may be that upon a new trial the evidence will show more clearly the actual agreement of the parties, but, upon the present record, judgment in favor of the defendant cannot be sustained.

Judgment should, therefore, be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

Whitaker and Delehanty, JJ., concur.

Judgment reversed.