## BILLWILLER'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals. Second Circuit.
March 4, 1929.

No. 240.

Henry J. Richardson and L. L. Hamby, both of Washington, D. C. (Franklin Lockwood, of New York City, of counsel), for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key and John Vaughan Groner, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. ██ A nonresident alien, who is a member of a foreign partnership which manufactures abroad and sells its product in this country, is subject to an income tax under the Revenue Act of 1918, §§ 213(c), 214(b), and 218(a). 40 Stat. 1066, 1069, 1070. See Tootal-Broadhurst-Lee Co. v. Commissioner of Internal Revenue, 30 F. (2d) 239 (C. C. A. 2, Jan. 7, 1929).

██ The appeal was argued upon the assumption that the profit from American sales was incorrectly determined, because the figure taken as representing the cost of the goods sold was not their actual cost, but was an invoice value ascribed to them for customs purposes. If this were proved, we do not say that the tax could be sustained; but we are bound by the record, and we can find nothing therein to indicate that the cost was so determined. The record states that the net income was determined from the partnership's returns, based upon books and records of the United States branch of the partnership. There is no proof that the cost shown upon the books was not their actual cost. The burden of proving the assessment erroneous is upon the taxpayer. United States v. Anderson, 269 U. S. 422, 443, 46 S. Ct. 131, 70 L. Ed. 347, Rouss v. Bowers, 30 F.(2d) 628 (C. C. A. 2, Feb. 4, 1929).

The exhibits purporting to show that the books kept at the factory in Switzerland disclosed a net loss do not enable us to draw any inference as to the cost of the goods sold in America. These exhibits show the value of goods "invoiced to New York branch" in the respective years as 291,000 francs and 1,500,000 francs, equivalent to approximately $58,000 and $300,000. The partnership returns show the "cost of goods" sold in America for the same years as $1,600,000 and $3,180,000. Clearly there is no correspondence between the figures, and it is impossible to tell what the transcript from the Swiss books means.

██ There remains the question of interest upon the taxpayer's capital contribution. We agree with the Commissioner's contention that interest paid to a partner upon firm capital is merely a way of distributing profits. It was therefore correct to surcharge Billwiller's return with so much of the interest as was properly allocable to American business. The taxpayer has not shown that the Commissioner did more, for the finding states that there were allowed as deductions to the partnership the interest items "treated by the United States branch of the partnership, as interest earned by, credited to, or paid upon the capital account of the petitioner, carried on the books of the United States branch of Billwiller Brothers." Whatever the actual facts may be, the taxpayer has not proved the Commissioner's assessment wrong.

The judgment must therefore be, and is, affirmed.