**EASTMAN KODAK CO. v. DISTRICT OF COLUMBIA.**

**No. 8135.**

United States Court of Appeals for the District of Columbia.

Argued Oct. 12, 1942.

Decided Nov. 2, 1942.

Mr. James S. Y. Ivins, with whom Mr. John C. Reid, both of Washington, D. C., was on the brief, for petitioner. Mr. Richard B. Barker, of Washington, D. C., also entered an appearance for petitioner.

Mr. Glenn Simmon, Assistant Corporation Counsel, with whom Messrs. Richmond B. Keech, Corporation Counsel, and Vernon

E. West, Principal Assistant Corporation Counsel, all of Washington, D. C., were on the brief, for respondent.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

Petitioner complains of the income tax which it paid to respondent, under protest, for 1939. Petitioner's gross receipts were (1) from sales everywhere, $89,044,490.25, and (2) from sales in the District of Columbia, $339,027.36. The ratio of District sales to total sales was .38073 per cent. Respondent applied that ratio to petitioner's total apportionable net income, $18,298,472.25. The result, $69,667.77, was found by respondent and by the Board of Tax Appeals of the District to be petitioner's net income taxable in the District.

■■ The District of Columbia Revenue Act of 1939 taxes "the taxable income from District of Columbia sources" of every corporation,[1] and provides that "In the case of any corporation, gross income includes only the gross income from sources within the District of Columbia. The proper apportionment and allocation of income with respect to sources of income within and without the District may be determined by processes or formulas of general apportionment under rules and regulations prescribed by the Commissioners."[2] The Commissioners' regulations provide in Art. 3(b) (1) that "Where gross income for any taxable year is derived from the manufacture and sale or purchase and sale of tangible personal property, the portion thereof to be allocated to the District shall be taken to be such percentage of the total of such income as the sales within the District during such taxable year bear to the total sales of the corporation for such taxable year. * * * "[3] Petitioner's attack is directed against that apportionment formula.[4] It does not contend that its District sales were less profitable than other sales, or that they, together with the manufacture of the goods involved, did not result in a profit of $69,667.77. Petitioner's contention is that, since the goods sold in the District were produced elsewhere, the profit which resulted was not entirely or even chiefly "income from sources within the District of Columbia." Petitioner concedes that no question of constitutionality is involved.[5] The only question is one of statutory construction.

■■ It may be true, as petitioner contends, that from the economic point of view a large portion of the income in question is attributable to activity which took place outside the District. But that is not material to the question whether the income came from "sources" within the District, as that term is used in the tax acts. It has been consistently held that, unless a different legislative intention appears, the geographical "source" of income from the manufacture and sale, or purchase and sale, of goods is in the jurisdiction where the sale is made.[6] Congress must be assumed to have written the District Revenue Act in the light of the authorities. Moreover,

[1] 53 Stat. 1087, Sec. 2(b), Code 1940, § 47-1502(b).

[2] 53 Stat. 1088, Sec. 4(b), Code 1940, § 47-1504(b).

[3] The regulation continues: "Other factors, such as the average monthly value of tangible personal property held and owned by the corporation in connection with its trade or business in the District and the total value of such property held and owned by the corporation in connection with its trade or business, may also be considered whenever, in the opinion of the Assessor, the use of such additional factors in the apportionment formula would result in a more equitable tax."

[4] On this appeal, petitioner seeks also to question the fact that its gross receipts from sales in the District of Columbia were $339,027.36. It cannot be heard to do so, since it raised no such question before the Board, but on the contrary stipulated that the only issue was the correctness of respondent's action in using the ratio of District sales to total sales as the sole basis for apportioning petitioner's net income.

[5] Kent-Coffey Mfg. Co. v. Maxwell, 291 U.S. 642, 54 S.Ct. 437, 78 L.Ed. 1040; Ford Motor Co. v. Beauchamp, 308 U.S. 331, 336, 60 S.Ct. 273, 84 L.Ed. 304; State of Wisconsin v. J. C. Penney Co., 311 U.S. 435, 444-446, 61 S.Ct. 246, 85 L.Ed. 267, 130 A.L.R. 1229.

[6] Compania General v. Collector of Internal Revenue, 279 U.S. 306, 49 S.Ct. 304, 73 L.Ed. 704; Tootal Broadhurst Lee Co. v. Commissioner of Internal Revenue, 2 Cir., 30 F.2d 239; Billwiller's Estate v. Commissioner, 2 Cir., 31 F.2d 286, certiorari denied 279 U.S. 866, 49 S.Ct. 481, 73 L.Ed. 1003; Commissioner of Internal Revenue v. East Coast Oil Co., 5 Cir., 85 F.2d 322, certiorari denied 299 U.S. 608, 57 S.Ct. 234, 81 L.Ed. 449.

the District business privilege tax, which the present income tax supplants, was measured solely by gross receipts from District sales.[7]

▮ Petitioner relies on the fact that Congress has expressed a different intention with respect to the Federal income tax. Section 119(e)[8] of the Internal Revenue Code of 1939 provides that income "from the sale of personal property produced (in whole or in part) by the taxpayer within and sold without the United States, or produced (in whole or in part) by the taxpayer without and sold within the United States, shall be treated as derived partly from sources within and partly from sources without the United States." Petitioner relies, further, upon the provision in the District of Columbia Revenue Act of 1939, Sec. 29(a),[9] that the assessor "shall apply as far as practicable the administrative and judicial interpretations of the Federal income tax law so that computations of income for purposes of this title [chapter] shall be, as nearly as practicable, identical with the calculations required for Federal income tax purposes." But the language just quoted can apply only to those parts of the Federal law which are like parts of the District of Columbia law. There is nothing in the District law which even remotely resembles the quoted language of Section 119(e) of the Internal Revenue Code. Moreover, the express purpose of the quoted language of the District act is to make computations of income under that act "as nearly as practicable, identical with the calculations required for Federal income tax purposes." Petitioner's proposed insertion in the District law, with regard to interstate allocation, of a principle analogous to the one which Congress has inserted in the Federal law with regard to international allocation would not result in any "identical calculations."

The Internal Revenue Code was adopted on February 10, 1939, and the District of Columbia Revenue Act on July 26, 1939. We cannot assume that Congress acted inadvertently in omitting from the later law what it had inserted in the earlier one. We should be bound by the difference between the two laws even if we could see no reason for the difference. But a possi-ble reason is apparent. In the country at large, as in most of the individual states, whose allocation statutes petitioner has been at pains to collate, tangible goods are not only sold extensively but produced extensively. Few tangible goods are produced in the District of Columbia. Though Congress may prefer to work both sides of the street, it may recognize the fact that the District street has only one side.

Affirmed.

---

[7] 50 Stat. 690, Sec. 5. In Panitz v. District of Columbia, 74 App.D.C. 284, 122 F.2d 61, we upheld that tax as against the contention that an apportionment formula must be applied so as not to tax production, etc., outside the District.

[8] 53 Stat. 55, 26 U.S.C.A. Int.Rev. Code § 119(e).

[9] 53 Stat. 1100, Code 1940, § 47-1529 (a).