## REAL ESTATE MORTGAGE & GUARANTY CORPORATION v. DISTRICT OF COLUMBIA.

### No. 8605.

United States Court of Appeals District of Columbia.

Argued Feb. 8, 1944.

Decided March 13, 1944.

Mr. P. Michael Cook, of Washington, D. C., with whom Mr. L. Harold Sothoron, of Washington, D. C., was on the brief, for appellant.

Mr. Glenn Simmon, Assistant Corporation Counsel, of Washington, D. C., with whom Messrs. Richmond B. Keech, Corporation Counsel, and Vernon E. West, Principal Assistant Corporation Counsel, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

Petitioner was organized in 1923 for the purpose of lending money on real estate and dealing in notes secured on real estate. Until 1929 its entire income was derived from commissions, interest, and discounts. After 1929 it owned properties on which it had foreclosed. Nearly all its real estate was acquired by foreclosure. Its policy was to hold and rent hotels and apartment houses, but to dispose of private dwellings when it received good offers. It no longer owns any private dwellings. As its investments in real estate increased, its investments in bonds and notes decreased. In 1939, 1940, and 1941 it derived most of its income from rents, a small fraction from interest, discounts, and commissions, and another small fraction from sales of houses. It sold 13 parcels of real estate to 3 purchasers in 1939, 13 parcels to 4 purchasers in 1940, and 12 parcels to 12 purchasers in 1941.

The assessor of the District of Columbia determined income tax deficiencies for those years because petitioner had treated its profits on its sales of real estate as derived from capital assets and not as ordinary income. Under the District of Columbia income tax law "capital assets" do not include "property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business." [1] The Board of Tax Appeals for the District of Columbia agreed with the assessor that the real estate here involved was so held. Within the recent decisions of the Supreme Court [2] the question is one of fact. We cannot say that the finding of the Board of Tax Appeals is clearly wrong, and therefore cannot disturb it.[3]

Affirmed.

---

[1] D.C.Code 1940, § 47—1506. Section 117(a) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 117(a) (1), contains the same language.

[2] Dobson v. Com'r of Internal Revenue,

320 U.S. 489, 64 S.Ct. 239; Com'r of Internal Revenue v. Heininger, 320 U.S. 467, 64 S.Ct. 249.

[3] District of Columbia v. Pace, 320 U. S. 698, 64 S.Ct. 406.