## CONNECTICUT INV. CORPORATION v. PEARSON.

### No. 265.

Municipal Court of Appeals for the District of Columbia.

May 25, 1945.

Jo V. Morgan, of Washington, D. C., for appellant.

Harry L. Walker, Asst. Corp. Counsel, of Washington, D. C. (Richmond B. Keech, Corp. Counsel, and Vernon E. West, Principal Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Appellant sued to recover back income taxes alleged to have been illegally collected by appellee, Collector of Taxes for the District of Columbia, under threat of distraint. Appellant is, and has been since January 5, 1935, the owner of an apartment hotel located in the District of Columbia, and the sole question in controversy is the basis for calculating depreciation on that building as a deduction from gross income for the purpose of determining taxable net income in the years 1941 and 1942. The parties stipulated that if the basis claimed by the taxpayer was correct, it was entitled to judgment.

The District of Columbia income tax law, enacted July 26, 1939 (Code 1940, Title 47, Chap. 15), imposed a tax on income for the taxable year 1939 and succeeding taxable years. January 1, 1939, was its effective date. Code 1940, § 47—1501. The tax is imposed on net income, i.e., on gross in-

come less allowable deductions. One of the allowable deductions is depreciation, defined by the Act as: "A reasonable allowance for exhaustion, wear, and tear of property used in the trade or business, including a reasonable allowance for obsolescence." Code 1940, § 47—1505(9).

The law does not prescribe the basis for computing depreciation. Section 2 of Title VIII of the District of Columbia Revenue Act of 1939, the income tax law being contained in Title II, provides that the Commissioners of the District of Columbia shall prescribe and publish all needful rules and regulations for the enforcement of the Act. Code 1940, § 47—2502. However, we are advised that no rules and regulations applicable to the subject under consideration have been prescribed. The Assessor has issued annually "General Instructions." For the years 1939 and 1940 the instruction relating to depreciation provided:

"Where the assets have been partly depreciated in reporting to the Bureau of Internal Revenue for Federal income tax purposes, it is permissible for purposes of the District of Columbia Income Tax Act to compute depreciation upon the same basis (cost or March 1st, 1913 value) as that used in reporting under the Federal Income Tax Act and in accordance with the rates prescribed under the regulations of the Bureau of Internal Revenue.

"In the case of an asset which has been fully depreciated in reporting for Federal income tax purposes, the taxpayer may set up its fair market value as of January 1, 1939, and the estimated remaining life, and depreciate for District income tax purposes at a reasonable rate. In every such case the taxpayer is required to provide full explanation on a separate schedule in order to show the reasonableness of the value, estimated life, and depreciation rate."

For the year 1941, the instruction provided: "Depreciation will be allowed in the same amounts and during the same years of remaining life as allowed in the Federal return. The assessor may allow as an alternative method, depreciation computed on the assessed value of the property as of January 1, 1939, at the annual rate determined by a reasonable estimate of the remaining life of the property after that date. This alternative method may also be used in computing depreciation on property in use which had been fully depreciated prior to January 1, 1939 for Federal income tax purposes."

For the year 1942 the instruction was the same as for 1941, with the following added sentence: "Whichever method is adopted must be followed in returns of subsequent years."

Provision for the "alternative method" was also made in the 1943 instruction but does not appear in the 1944 instruction.

The Collector of Taxes contended that cost is the basis for computing depreciation. The taxpayer argued that value as of January 1, 1939, is the basis. The trial court ruled with the Collector, and we are called upon to determine the correctness of that ruling.

We think that we may approach the problem with two propositions in mind. First, Congress was not required to allow a deduction for depreciation, but it saw fit to do so. Second, Congress could have specifically provided the basis for depreciation but it did not see fit to do so. Our guide therefore is that "a reasonable allowance" shall be made for depreciation. The word "reasonable" undoubtedly refers to the rate, since depreciation cannot be measured with mathematical accuracy,[1] but it must also have reference to the basis for depreciation, when no basis is specified, because it would hardly be possible to have a reasonable allowance without a reasonable basis. What then is the reasonable basis for property acquired by purchase prior to the effective date of the law—cost of acquisition or value at effective date of the law?

The nature and purpose of allowances for depreciation under the Federal income tax laws have been stated time and again by the courts. A few references to recent decisions will suffice for our purpose.

"Congress has provided for deductions of annual amounts of depreciation which, along with salvage value, will replace the original investment of the property at the time of its retirement." Virginian Hotel Corporation v. Helvering, 319 U.S. 523, 528, 63 S.Ct. 1260, 1263, 152 A.L.R. 871, 874.

"The only function of depreciation in the income tax laws is the establishment of an amount, which may be deducted annually from gross income, sufficient in the aggregate to restore a wasting capital asset at

---

[1] V. Loewers Gambrinus Brewery Co. v. Anderson, 282 U.S. 638, 645, 51 S.Ct. 260, 75 L.Ed. 588.

the end of its estimated life." Stone, C. J., dissenting, in Virginian Hotel Corporation v. Helvering, supra, 319 U.S. at page 529, 63 S.Ct. 1263, 152 A.L.R. 871.

"The end and purpose of it all is to approximate and reflect the financial consequences to the taxpayer of the subtle effects of time and use on the value of his capital assets." Detroit Edison Co. v. Commissioner of Internal Revenue, 319 U.S. 98, 101, 63 S.Ct. 902, 904, 87 L.Ed. 1286.

■■ Basis means the starting point or primary figure. Appeal of Even Realty Co., 1 B.T.A. 355. If property is acquired at a time when the tax law is in effect, then cost of acquisition is logically the starting point for computing depreciation allowance to return to the taxpayer his capital sum which in producing taxable income is being gradually exhausted. But if property is acquired prior to the existence of the tax law, there is no logical reason for taking cost as the primary figure. Cost may vary greatly from the value of the property at the time when, in the eyes of the law, it becomes a depreciable asset used in the production of taxable income. The basis used for tax purposes must have a relation to taxation.

When the tax law took effect, the taxpayer's property with whatever value it then possessed, whether more or less than the original cost, was income producing property and such income was subject to the tax. It is from this income that the deduction for depreciation is allowable, in order to restore the capital asset[2] which through time and use is gradually wasting. Is the purpose to restore the original cost or the value of the property at the time the law began to tax its income?

■ Wear and tear are factual. Depreciation occurs regardless of its recognition as a deductible item in ascertaining taxable income. It was sustained on this property before the tax law came into existence. However, the law is not concerned with depreciation attributable to prior years. The income was not then being taxed and no deductions are allowed to restore the waste which occurred prior to the law. For our purposes, the only recognizable depreciation is that occurring in a taxable year. Income tax laws call for accounting on an annual basis. Helvering v. Owens, 305 U.S. 468, 59 S.Ct. 260, 83 L.Ed. 292.

■ The tax law did not exist prior to 1939, and consequently there was no taxable income from the property prior to that date. The income taxed is that received beginning January 1, 1939, and the deduction of depreciation must relate to the taxable year in which deducted. Depreciation is computed on the probable useful life remaining to the property at the time the income derived therefrom is first taxed by law, and the sum to be spread over the remaining useful life of the property, in this case, is the market value thereof at the time income derived therefrom is first made subject to the income tax, that is, January 1, 1939. Lynch v. Turrish, 247 U.S. 221, 38 S.Ct. 537, 62 L.Ed. 1087.

In many instances of property acquired prior to January 1, 1939, the cost will far exceed the value of that date. In such a case an allowance for depreciation on a cost basis would result in allowing recovery of depreciation which occurred while the property, from an income tax view, possessed a taxless character. To allow the taxpayer over the remaining useful life of the property to recover the entire cost would give him a manifestly excessive deduction from income. If it is the position of the District authorities that original cost is not to be recovered, but that recovery shall be limited to depreciated cost as of January 1, 1939, the question arises as to the method of figuring depreciated cost. Is prior depreciation allowed or allowable under the Federal law to be the criterion? Suppose the property under the Federal law was not a depreciable asset. In such case will original cost be the basis, or will prior depreciation actually sustained, though not recognizable under the Federal law, be figured? Or will value as of January 1, 1939, be accepted? In our opinion the District tax law is not concerned with

---

[2] The term "capital asset" is here used in its general meaning and not in the restricted definition of capital assets in Section 6 of the Act, Code 1940, § 47—1506, providing that no gain or loss from the sale or exchange of a capital asset shall be recognized in the computation of net income. The Collector does not concede that the property involved is a capital asset within the meaning of Section 6 (see Real Estate Mortgage & Guaranty Corporation v. District of Columbia, 78 U.S.App.D.C. 390, 141 F.2d 361), and there is no occasion for our passing on the question.

depreciation prior to its effective date, whether such depreciation was or was not recognizable under Federal law. Depreciation is an operating expense, and operating expenses occurring prior to the time the income from the property became taxable have no relation to current taxable income. "In reason the cost of depreciation, like other items of expense to be deducted, ought to be limited to that related to the income taxed." Rockford Life Ins. Co. v. Commissioner of Internal Revenue, 292 U.S. 382, 384, 385, 54 S.Ct. 761, 762, 78 L. Ed. 1315.

The Collector calls attention to Section 6 of the Act (Code 1940, § 47—1506), which, after providing that no gain or loss from the sale or exchange of capital assets shall be recognized in the computation of net income, further provides: "(b) Gains or losses from the sale or exchange of property other than a capital asset shall be treated in the same manner as other income or deductible losses, and the basis for computing such gain or loss shall be the cost of such property or, if acquired by some means other than purchase, the fair market value thereof at the date of acquisition."

While it may be conceded, as both appellant and appellee agree, that generally the basis for depreciation is the same as the basis for determining gain on sale or exchange, Congress, knowing of the many controversies arising under the Federal laws in relation to property acquired prior to March 1, 1913, and the legislative changes in respect thereto, did not specifically fix a basis for depreciation in the District law and did not provide that the basis for depreciation should be that for determining gain on sale or exchange. Nor did Congress define cost as used in Section 6(b) or make provision for an adjusted cost basis. Furthermore, Section 6(b) provides a basis for gain on sale or exchange on non-capital assets only. Gain on sale of a capital asset is not recognized and therefore a capital asset has no basis under Section 6(b) but, if of a depreciable type, must have a basis for depreciation as a deduction from gross income. All this leads us to believe that by deliberately refraining from specifying a basis for depreciation, Congress indicated an intention that cost should not be the basis for depreciation in all cases.

We think the instructions of the Assessor, whose duty it is to administer the Act, lends support to this conclusion. The 1939 instruction provided that where assets have been partly depreciated for Federal income tax purposes, it is *permissible* for the purposes of the District Act to compute depreciation on the same basis as used in the Federal law. The use of the word "permissible" makes it plain that the Assessor did not construe the Act as requiring that the basis under the District Act be the same as under the Federal Act. Contemporaneous construction by one charged with the administration of the Act is entitled to consideration. Fawcus Machine Co. v. United States, 282 U.S. 375, 378, 51 S.Ct. 144, 75 L.Ed. 397; Helvering v. Griffiths, 318 U.S. 371, 395, 63 S.Ct. 636, 87 L.Ed. 843.

Furthermore, both the 1941 and 1942 instructions provided that the Assessor "may allow" depreciation computed on the assessed value as of January 1, 1939. If the Act is mandatory in requiring cost as a basis, by what authority could the Assessor allow depreciation on the January 1, 1939 value? It is for this alternative method that the taxpayer here is contending, but we are not informed why it was not allowed by the Assessor or under what circumstances it would be allowed.

In the instructions for 1939 and 1940, as well as for the years in question, provision was made for using January 1, 1939, value as the basis for depreciation on property fully depreciated, for Federal tax purposes, prior to that date. If January 1, 1939, value is the proper basis for such property, why is it not the proper basis for property only partially depreciated prior to that date? By what authority can the Assessor make a distinction between property 100% depreciated and property 95%, 50% or 25% depreciated, when such depreciation was deducted under the Federal law for periods prior to the enactment of the District law and which can never be deducted from gross income under the District law? Under the Assessor's instructions two substantially identical properties could have widely different depreciation bases simply because one owner had taken 100% depreciation under the Federal law and another had taken only 90%. Surely the law contemplated no such inequality among taxpayers. However, as said before, we think the Assessor's instructions unmistakably show that he did not construe the law as requiring cost as the basis in all circumstances, but plainly recognized that under some circum-

stances January 1, 1939, value would be the only proper basis.

The Collector also calls attention to Section 29 of the Act (Code 1940, § 47—1529), which, after imposing upon the Assessor the duties of administering the provisions of the Act, further provides: "He shall apply as far as practicable the administrative and judicial interpretations of the Federal income tax law so that computations of income for purposes of this title shall be, as nearly as practicable, identical with the calculations required for Federal income tax purposes."

Since under the Federal income tax law the taxpayer's basis for depreciation is cost, it is argued that by the above-quoted provision the same basis is required under the District of Columbia income tax law. "But the language just quoted can apply only to those parts of the Federal law which are like parts of the District of Columbia law." Eastman Kodak Co. v. District of Columbia, 76 U.S.App.D.C. 339, 341, 131 F.2d 347, 349. The District of Columbia law provides no basis for depreciation; while the Federal law provides that the basis for depreciation shall be the adjusted basis for determining gain upon sale or disposition, which basis, in general, is cost or March 1, 1913, value, with various exceptions depending upon manner and time of acquisition. 26 U.S.C.A.Int.Rev.Code, §§ 114, 113(b). Our law contains no comparable provision.

The Federal income tax laws have consistently, either by express provision or by interpretation, generally taken the fair market value as the basis for depreciation in the cases of property acquired prior to March 1, 1913, the effective date of the first income tax law.[3] The Collector argues that this was done only because the Sixteenth Amendment became effective on that date and that income accrued prior thereto could not constitutionally be taxed. The taxpayer argues that regardless of constitutional questions, income prior to March 1, 1913, was not taxed because the law did not exist prior to that date. What-

ever the reason be, we think that the general purpose of the Federal income tax laws from the date of enactment to the present time has been to take fair market value as the basis for depreciation where the property was acquired prior to the time that the income from it became subject to the tax.

This principle has been carried out with respect to property acquired after March 1, 1913. Thus, where a taxpayer converts to a business use property formerly used by him as a residence or for pleasure purposes, the basis for depreciation is not the cost to the taxpayer but the fair market value at date of conversion.[4] Prior to conversion the property produced no taxable income and no depreciation was recognized. Upon conversion the income is taxable and depreciation is recognized on the basis of value as of that date, regardless of cost of acquisition or basis for determining gain or loss on sale or exchange. If we are to be guided by principles of Federal taxation, we think this example is most comparable to the present situation. No constitutional question is involved in either case. The property is originally held in each instance by the owner free from tax on its income; in one because it produces no income recognizable by the law, and in the other because there is no law to tax its income. Likewise, in each instance, there is no recognizable depreciation. But when the properties, in one instance by act of the owner and in the other by enactment of the law, are converted to a use which makes the income taxable, depreciation is recognized by the law as an allowable deduction in computing taxable income. Under the Federal law, regardless of cost, the basis for depreciation in determining tax on the income produced by use of the property for business purposes is the value as of the date such use begins. From this analogy, we think that the basis for depreciation in the instant case is the value of the property as of January 1, 1939, the day its income first became subject to the tax.

Reversed.

---

[3] Southern Pacific Co. v. Lowe, 247 U.S. 330, 38 S.Ct. 540, 62 L.Ed. 1142; Doyle v. Mitchell Bros. Co., 247 U.S. 179, 38 S.Ct. 467, 62 L.Ed. 1054, construing 1909 corporation tax law, 36 Stat. 112.

[4] Perkins v. Commissioner of Internal Revenue, 41 B.T.A. 1225, affirmed, Cir., 125 F.2d 150; Denny v. Commissioner, 33 B.T.A. 738; Heiner v. Tindle, 276 U.S. 582, 48 S.Ct. 326, 72 L.Ed. 714. Cf. Helvering v. Owens, 305 U.S. 468, 59 S.Ct. 260, 83 L.Ed. 292.