**DISTRICT OF COLUMBIA v. JOHNSON & WIMSATT, Inc.**

No. 9384.

United States Court of Appeals District of Columbia.

Argued Jan. 14, 1947.

Decided March 24, 1947.

---

[14] Van Der Loo v. Porter, Em.App., 160 F.2d 110, certiorari denied, 67 S.Ct. 193.

914

Mr. Harry L. Walker, Asst. Corp. Counsel, of Washington, D.C., with whom Mr. Vernon E. West, Corp. Counsel, and Mr. Chester H. Gray, Principal Asst. Corp. Counsel, both of Washington, D.C., were on the brief for petitioner.

Mr. Jo. V. Morgan, of Washington, D. C., for respondent.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

This case concerns a District of Columbia income tax for the years 1939 and 1940. Respondent, a corporation, was a wholesale lumber dealer with offices and a yard in the District of Columbia. It bought merchandise from mills outside the District, which was delivered by the mills to the corporation's customers outside the District. The contracts of sale were either executed or confirmed at the office of the corporation in the District.

The District of Columbia Income Tax Act[1] provides that "In the case of any corporation, gross income includes only the gross income from sources within the District of Columbia."

The Assessor held that the income from these sales was from sources within the District of Columbia. Upon petition for a redetermination, the Board of Tax Appeals for the District of Columbia held otherwise, and the District of Columbia petitioned for review in this court.

Petitioner contends that the place of the passage of title is merely one of the tests of taxability, and that other commercial activities, such as the acceptance of orders, are also tests. We do not understand by this contention that the District intends to abandon its right to tax the income from sales where title passes within the District;

in fact, upon the oral argument, counsel said that the District proposed to tax where either of two events occurred in the District, that is, where the title passed within the District or where the contract was made within the District.

Even if the question were one of first impression, we should have to give great weight to the necessity for a simple rule upon this subject, because commercial activity is general across state lines, and many states have income taxes. The confusion which would ensue from multiplied income taxation of purchase and sale transactions, or from a vague rule which would depend upon an evaluation of numbers of factors, would impel us toward the adoption of a simple and clear rule drawn from the general law of sales. However, we are not compelled to act upon those considerations.

The geographical source of income from the sale of personal property was a problem faced and decided by the federal authorities long ago. The Revenue Act of 1918 provided that "In the case of a foreign corporation gross income includes only the gross income from sources within the United States, * * *."[2] All subsequent federal revenue acts have contained the same phrase. The Commissioner, in 1921, held that the geographical source of income derived from a purchase and sale of personal property, was the place where the title to the goods passed.[3] He continued so to hold until 1930, when he sought to depart from his earlier ruling and proposed that the place of contract was decisive of the source of income. The United States Board of Tax Appeals (now The Tax Court of the United States), in an exhaustive opinion by Judge Goodrich,[4] concurred in by 13 other members of the Board, held in accordance with the earlier rulings of the Commissioner. That decision was affirmed by the Circuit Court of Appeals for the Fifth Circuit,[5] and certiorari was denied by the Supreme Court.[6]

[1] D.C.Code 1940, § 47—1504 (b), 53 Stat. 1088.
[2] Sec. 233 (b), Revenue Act of 1918, 40 Stat. 1077.
[3] O.D. 1100, 5 Cum.Bull. 118.
[4] East Coast Oil Co., 31 B.T.A. 558 (1934).
[5] Commissioner of Internal Revenue v. East Coast Oil Co., 5 Cir., 1936, 85 F. 2d 322.
[6] Helvering v. East Coast Oil Co., 1936, 299 U.S. 608, 57 S.Ct. 234; 81 L.Ed. 449.

It is unnecessary for us to repeat the considerations which led the United States Board of Tax Appeals to its conclusion. It gave weight to the long-continued, consistent administrative history. It considered the Commissioner's argument, which is the same as that made to us by the District of Columbia in the case at bar, that Compania General v. Collector [7] compelled a different result. It examined the general law on the point, with citations of authority.

So far as we are advised, there has been no departure from this basic rule in federal income taxation. The federal rules differentiate between the profit from the purchase and sale of personal property and the profit from production and sale, holding that in the latter instance the gross income is to be apportioned between the place of production and the place of sale; but that point is immaterial to the present controversy. The District of Columbia statute requires that the Assessor "shall apply as far as practicable the administrative and judicial interpretations of the Federal income tax law so that computations of income for purposes of this chapter shall be, as nearly as practicable, identical with the calculations required for Federal income tax purposes."[8] Even if that provision does not apply literally to the present controversy, since it refers to "computations" and "calculations", the policy and intent are clear. Moreover, it is also clear that where Congress in the local statute used a phrase which had a long-established meaning in the federal acts, it is to be assumed that it had that meaning in the local act.

The conclusion which we reach is consistent with the decisions of this court in Electric Storage Battery Co. v. District of Columbia [9] and in Eastman Kodak Co. v. District of Columbia, [10] and with the decisions of the Supreme Court in the recent cases of McLeod v. Dilworth Co.,[11] General Trading Co. v. State Tax Commission,[12] and International Harvester Co. v. Dept. of Treasury.[13]

Affirmed.

---

[7] 1929, 279 U.S. 306, 49 S.Ct. 304, 73 L.Ed. 701.

[8] Sec. 29 (a), District of Columbia Income Tax Act, D.C.Code 1940, § 47—1529 (a), 53 Stat. 1100.

[9] 1946, —— U.S.App.D.C. ——, 155 F.2d 867.

[10] 1942, 76 U.S.App.D.C. 339, 131 F.2d 347.

[11] 1944, 322 U.S. 327, 64 S.Ct. 1023, 88 L.Ed. 1304.

[12] 1944, 322 U.S. 335, 64 S.Ct. 1028, 88 L.Ed. 1309.

[13] 1944, 322 U.S. 340, 64 S.Ct. 1019, 88 L.Ed. 1313.