## DISTRICT OF COLUMBIA v. H. D. LEE CO., Inc.

### No. 9413.

United States Court of Appeals District of Columbia.

Argued Jan. 14, 1947.

Decided April 21, 1947.

Mr. George C. Updegraff, Assistant Corporation Counsel, of Washington, D. C., with whom Mr. Vernon E. West, Corporation Counsel, and Mr. Chester H. Gray, Principal Assistant Corporation Counsel, both of Washington, D. C., were on the brief, for petitioner.

Mr. James J. Waters, of Washington, D. C., submitted on the brief for respondent.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Respondent is engaged in the manufacture of work clothing and has its factory and office at Trenton, New Jersey. It sends salesmen into the District of Columbia to solicit orders from merchants there. The goods thus sold are shipped f. o. b. Trenton, either by a common-carrier truck or by rail, and the purchaser pays the shipping charges at destination. Respondent has no office or place of business or any stock of merchandise in the District of Columbia.

An income tax was assessed against the company on the basis of sales made by it to merchants in the District of Columbia during 1942. It appealed to the Board of Tax Appeals for the District of Columbia, which directed a refund. The District of Columbia petitioned for review of that decision.

An addition to the District of Columbia Income Tax Act, effective with respect to taxable years beginning after December

31, 1941,[1] amending Section 2(b) of the Income Tax Act,[2] reads as follows:

"Provided, however, That income derived from the procurement of orders for the sale of personal property by means of telephonic communication, written correspondence, or solicitation by salesmen in the District where such orders require acceptance without the District before becoming binding on the purchaser and seller and title to such property passes from the seller to the purchaser without the District is not from District of Columbia sources: * * *".

Respondent's income here sought to be taxed is "income derived from the procurement of orders for the sale of personal property by means of * * * solicitation by salesmen in the District * * *."

The Board of Tax Appeals found that title to the merchandise passed without the District, and petitioner does not here attack that finding.[3] Its contention is that these orders did not require acceptance without the District. The Board of Tax Appeals found that "Such orders were then transmitted to the Trenton office *for credit approval and, if approved, the orders were filled*", etc. (Italics supplied.) A requirement that credit of the purchaser be approved without the District before the order be filled is certainly a requirement that the orders be accepted without the District before becoming binding upon the seller. Such an equation is within the clear meaning of the statute.

Although the scope of review by this court of the findings of fact of the Board of Tax Appeals for the District of Columbia is that of review of the findings of a court of equity, and a mere ascertainment that the Board's findings are supported by substantial evidence does not bar a reversal by us, those findings are to be treated as presumptively correct and will be accepted unless clearly wrong.[4] We are unable so to characterize the criticized finding.

The ordinary presumption of the law is that a traveling salesman has authority only to take orders and that no contract arises until acceptance of the order by the principal.[5] The order blank in the present case expressly provided for credit approval. The fact that the same blank also had provision for "Approval" by the customer is not inconsistent with the presumption. If, as is the general practice in trade, the salesman does the actual writing of the items of merchandise desired by the buyer, it is to be expected that the latter will in some overt manner indicate that the completed order constitutes his offer to the salesman's principal. Petitioner has failed to show that the salesman had authority, expressed or implied, to enter into binding contracts of sale. It invites our attention to testimony of one of respondent's customers to show that the customer understood that when he placed an order with a salesman the goods would be shipped to him. But this same witness had already stated that the orders were not binding if respondent did not have the ordered goods in stock.

Since all elements of the above-quoted amendment of 1942 are met in this case, and under its provisions the income must be deemed to be from sources without the District, it is not necessary for us to consider now whether, if only the passage of title had occurred without the District, the income would be from sources without the District. We held such to be the rule in the Johnson & Wimsatt case,[6] which related to a year prior to the amendment. In Electric Storage Battery Co. v. District of Columbia,[7] which related to both 1941 and 1942, both passage of title and acceptance of the orders occurred without the District.

Affirmed.

[1] 56 Stat. 376, §§ 1, 4(a), Act June 22, 1942.

[2] D.C. Code 1940, § 47—1502(b).

[3] McLeod v. Dilworth Co., 1944, 322 U.S. 327, 64 S.Ct. 1023, 88 L.Ed. 1304; Amtorg Trading Corp. v. Higgins, 2 Cir., 1945, 150 F.2d 536; 1 Williston, Sales, § 280b (2d ed. 1924).

[4] District of Columbia v. Pace, 1944, 320 U.S. 698, 64 S.Ct. 406, 88 L.Ed. 408.

[5] 1 Williston, Sales, § 5a (2d ed. 1924); 1 Williston, Contracts, §§ 43, 90 (rev. ed. 1936); 1 Mechem, Agency, § 861 (2d ed. 1914).

[6] District of Columbia v. Johnson & Wimsatt, Inc., 1947, 82 U.S.App.D.C. —, 160 F.2d 913.

[7] 1946, 81 U.S.App.D.C. 135, 155 F.2d 867.