### DISTRICT OF COLUMBIA v. UPJOHN CO.

No. 10542.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 4, 1950.

Decided Nov. 22, 1950.

Mr. George C. Updegraff, Asst. Corporation Counsel, D. C., Washington, D. C., with whom Mr. Vernon E. West, Corporation Counsel, D. C., Mr. Chester H. Gray, Principal Asst. Corporation Counsel, D. C., and Mr. William S. Cheatham, Asst. Corporation Counsel, D. C., all of Washington, D. C., were on the brief, for petitioner.

Mr. John Enrietto, Washington, D. C., with whom Messrs. Lee I. Park and Frank C. Niswander, Washington, D. C., were on the brief, for respondent.

Before CLARK, PRETTYMAN and BAZELON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals for the District of Columbia in an income tax case involving the years 1943–46. The question is whether the income from certain sales was or was not from sources within the District of Columbia.[1]

■ It is established in this jurisdiction that, absent contrary statutory definition, the source of income from sales is the place at which title to the property passes.[2] The question in the present case is where the title to the goods passed.

Respondent is a manufacturer of pharmaceuticals and chemicals, with its principal office in Michigan and a branch in New York City. Its sales to customers in the District of Columbia are the subject matter of the controversy. As in most such cases there are indicia that title passed at the point of shipment (in this case usually New York), and there are other indicia that title did not pass until the goods arrived in the District of Columbia. These are all described in detail in the findings of fact of the Board.

■ Petitioner relies largely upon a notation typed by the principal customer in the District of Columbia on its printed order forms, as follows:

Less: 15%

FOB: Washington

The District says that this notation meant that all shipments were F.O.B. Washington, meaning that they were delivered in Washington by the manufacturer. The testimony, however, was that the notation was merely a warning to the accounting department of this particular customer as to the payment of transportation costs and had no reference to delivery. The Board made a finding to that effect. There was no contradictory evidence.

■ Petitioner relies also upon Rule 5 of Section 19 of the Uniform Sales Act,[3] which provides, in pertinent part: "Unless a different intention appears, * * * if the contract to sell requires the seller * * * to pay the * * * cost of transportation to the buyer, * * * the property does not pass until the goods have been delivered to the buyer * * *." Respondent paid or allowed all transportation charges on the goods here involved, with insignificant exceptions. This is a factor pointing toward passage of title within the District. But it is well recognized[4] that the payment of transportation costs may have to do with price only, and not with delivery. The Board so found as a fact in this case, and we think the evidence, succinct but uncontradicted, was ample.

Pointing in the opposite direction, i. e., toward passage of title outside the District, is the provision in the Upjohn catalogue, supplied to almost all customers, that "Our responsibility ceases when shipments are delivered to and accepted by the transportation companies." And in the same direction is the fact that in case of loss in transit the purchasers were required to look to the carriers, although in practice such losses seldom occurred.

■ It seems to us that the decisive factor is that almost all the goods were shipped by common carrier by truck under straight bills of lading naming the purchasers as consignees. The goods which were not shipped by truck were by parcel post, a rare occurrence. The rule under the Uniform Bills of Lading Act in New York[5] and un-

1. 53 Stat. 1088 (1939), D.C.Code § 47–1504(b) (1940).

2. District of Columbia v. Chesapeake & Potomac Tel. Co., 1950, 86 U.S.App.D.C. 124, 179 F.2d 814; District of Columbia v. Johnson & Wimsatt, 1947, 82 U.S. App.D.C. 81, 160 F.2d 913, certiorari denied, 1947, 332 U.S. 760, 68 S.Ct. 63, 92 L.Ed. 346; Electric Storage Bat-

tery Co. v. District of Columbia, 1946, 81 U.S.App.D.C. 135, 155 F.2d 867.

3. 50 Stat. 33 (1937), D.C.Code § 28–1203 (1940).

4. See Electric Storage Battery Co. v. District of Columbia, 1946, 81 U.S.App.D.C. 135, 155 F.2d 867; 2 Williston, Sales § 2796 (Rev.ed.1948).

5. McKinney's Consol.Laws N.Y. c. 41, Personal Property Law § 226.

994

der the authorities [6] is that the form in which the bill of lading is taken indicates the transfer or retention of the property and that where by the bill the goods are deliverable to the buyer the consignor thereby transfers the property to the buyer.

■ The District says that we must determine questions of District taxation according to District law and not according to New York law. That is perfectly correct as far as it goes. But the applicable District law is, as we have said, that the source of the income from sales is at the place where the title passes, and there is no specification in the District law as to where title passes for tax purposes. That latter question is left to the general rules of law.

Clearly, if goods are in New York and title passes from A to B under New York law, so that A thereafter has no title interest in them, and if B moves the property to Pennsylvania, Connecticut or the District of Columbia, it is immaterial whether, if the transaction had occurred in one of those states, title would not have passed under the laws of that state. Once title has passed, it has passed.[7]

■ Petitioner urges that basic findings of the Board are not supported by substantial evidence, but we think the record in this respect is sufficient.

The decision of the Board of Tax Appeals will be

Affirmed.

6. Chandler Motor Car Co. v. United Fruit Co., 1926, 127 Misc. 432, 216 N.Y.S. 413; Neimeyer Lumber Co. v. Burlington & M. R. R. Co., 1898, 54 Neb. 321, 74 N. W. 670, 40 L.R.A. 534, and authorities there cited. See also Columbia Mills v. Machenbach Importing Co., 1921, 117 Misc. 283, 191 N.Y.S. 325.

7. Banque de France v. Chase Nat. Bank of City of New York, 2 Cir., 1932, 60 F. 2d 703, 705; 2 Beale, Conflict of Laws § 255.5 (1935); Restatement, Conflict of Laws §§ 258, 260 (1934).