## DISTRICT OF COLUMBIA v. VIRGINIA HOTEL CO.

### No. 11570.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 17, 1953.

Decided April 2, 1953.

Mr. Harry L. Walker, Assistant Corporation Counsel for the District of Columbia, Washington, D. C., with whom Messrs. Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., were on the brief, for petitioner.

Mr. Samuel C. Caldwell, Washington, D. C., with whom Mr. Joseph W. Wyatt, Washington, D. C., was on the brief, for respondent.

Before EDGERTON, PRETTYMAN and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

The District of Columbia petitions this court for a review of a decision of the District of Columbia Tax Court. The respondent corporation is in the business of "holding, leasing, and operating" real estate. In 1946, it sold certain realty in the District of Columbia which had constituted its principal asset, taking back a promissory note secured by deed of trust on the realty. The note was signed by two individuals residing outside the District, but principal and interest were to be payable in the District. Respondent's sole place of business is in the District.

The question before the Tax Court was whether interest on the note, received by respondent in 1948, was taxable to it under the District of Columbia Income and Francise Tax Act of 1947, as amended.[1] Section 1 of Title VII of Article I of that Act provides that "taxable income" shall mean "the amount of net income derived from sources within the District" within the meaning of Title X.[2] And Section 1 of Title X provides that the "measure of the franchise tax shall be that portion of the net income of the corporation * * * as is fairly attributable to any trade or business carried on or engaged in within the District and such other net income as is derived from sources within the District."[3]

The Tax Court held that this item of interest "was income from sources without the District of Columbia, and was not subject to taxation under the District of Columbia Income and Franchise Tax Act of 1947." That conclusion may or may not

1. D.C.Code § 47–1551 et seq., 1951, 61 Stat. 331, 1947, as amended, 62 Stat. 206, 1948.

2. D.C.Code § 47–1571, 1951.

3. D.C.Code § 47–1580, 1951.

ultimately prove to be sustainable. But it is not ripe for our review. An examination of the Tax Court's opinion, as well as its findings of fact and conclusions of law, indicates that it did not consider the question whether, under the first clause of the provision of Title X quoted above, the item of interest was "fairly attributable to any trade or business carried on or engaged in within the District."[4] Consideration of that question was essential. The first clause covers a separate field from the second, which deals with "such other net income as is derived from sources within the District." Title VII requires that both clauses be given effect. Cf. Lever Bros. Co. v. District of Columbia, 1953, 91 U.S.App.D.C. ——, 204 F.2d 39. The bare holding that income is "from sources without the District" is thus insufficient to indicate that the Tax Court properly applied Title X. Income "fairly attributable" under the first clause is taxable: it is income from a District source. Other income from sources within the District is covered by the second clause. The instant case may turn on this. If the interest item here is found on all the facts to be covered by the first clause, it is taxable regardless of the single fact that the payors are nonresidents.

The cause will accordingly be remanded to the Tax Court for further proceedings not inconsistent with this opinion.

So ordered.

4. The Tax Court does discuss whether the interest was received in the "regular" or "ordinary" course of respondent's business. (J.A.13). But those terms do not appear in the statutory provision presently under consideration. Cf. Robb v. District of Columbia, 1945, 80 U.S.App. D.C. 246, 152 F.2d 283.