CONSOLIDATED TITLE CORPORATION, a Maryland corporation, Petitioner

v.

DISTRICT OF COLUMBIA, Respondent.

Nos. 15120–15138.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 22, 1959.

Decided Feb. 25, 1960.

Petition for Rehearing En Banc Denied April 1, 1960.

Mr. John J. Wilson, Washington, D. C., with whom Messrs. Philip S. Peyser and Thomas S. Jackson, Washington, D. C., were on the brief, for petitioner.

Mr. Henry E. Wixon, Asst. Corporation Counsel for District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, and Milton D. Korman, Principal Asst. Corporation Counsel, were on the brief, for respondent. Mr. Leo J. Ehrig, Jr., Asst. Corporation Counsel, also entered an appearance for respondent.

Before EDGERTON, BAZELON, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Petitioner, Consolidated Title Corporation, asks review of decisions of the District of Columbia Tax Court affirming assessments of income taxes for the years 1939 to 1946, and of franchise taxes for the years 1947 to 1959.

Petitioner is a corporation organized under the laws of Maryland. It has a statutory corporate office in Baltimore, but its books and records are kept, meetings of stockholders and directors are held, and the corporate business is transacted in the District of Columbia. It was organized to carry out a court-approved reorganization of a bankrupt corporation. Its entire income consists of dividends from three subsidiary corporations, all of which are organized under District of Columbia law, have their principal offices and businesses in the District, and are engaged in the real estate title examination and insurance business.

The District of Columbia Income Tax Act of 1939 imposed a 5% tax on the income of every corporation, whether domestic or foreign, "from sources within the District of Columbia." D.C.Code (1940 Ed.) §§ 47–1502(b), 1504(b). The District of Columbia Income and Franchise Tax Act of 1947 imposed a 5% tax on the income of every corporation, whether domestic or foreign, for "the privilege of carrying on or engaging in any trade or business within the District and of receiving income from sources within the District." D.C.Code (1951 Ed.) § 47–1571a. Congress declared its purpose "to impose * * * a franchise tax upon every corporation * * * for the privilege of carrying on or engaging in any trade or business within the District and of receiving such other income as is derived from sources within the District * * *." D.C.Code (1951 Ed.) § 47–1580.

The Tax Court held, and we agree, that petitioner received its income from "sources within the District" and was therefore subject to these taxes. The "sources" were petitioner's subsidiary corporations. Since they had their principal offices and businesses in the District, they were "within the District"; they were " 'domiciled' therein, corporately and commercially", as the Tax Court found. It is immaterial that some of their business was done elsewhere. We are not concerned with the sources of *their* income, but only with the sources of petitioner's income. Cf. Eastman Kodak Co. v. District of Columbia, 76 U.S.App.D.C. 339, 340, 131 F.2d 347, 348. We need not consider whether petitioner was "engaging in * * * business within the District" within the meaning of the franchise tax. Cf. District of Columbia v. Virginia Hotel Co., 92 U.S.App.D.C. 186, 187, 204 F.2d 390, 391.

Affirmed.